Fredye Long **ALFORD** f/k/a Fredye Mac Long, Appellant

v.

Le Earl **BRYANT**, Appellee.

No. 05–03–00449–CV.

Court of Appeals of Texas, Dallas.

June 16, 2004.

Rehearing Overruled July 19, 2004.

---

John R. Mercy, Texarkana, for appellant.

Charles W. McGarry, Dallas, for appellee.

Before Justices MOSELEY, O'NEILL, and MARTIN RICHTER.

## OPINION

Opinion by Justice MARTIN RICHTER.

This is a legal malpractice case. Appellee Bryant sued appellant Long for professional malpractice in connection with a settlement agreement reached in mediation. Long was Bryant's attorney during the course of the underlying litigation until a settlement was reached. Long raises six issues on appeal. She claims: 1) the trial court's findings of fact on negligence, causation and damages are both legally and factually insufficient, and its conclusions of law are erroneous; 2) it was error to exclude the testimony of the mediator; 3) it was error to exclude some of the opinions of Long's first legal expert; 4) it was error to exclude the deposition testimony of Long's second legal expert; 5) the trial court erred by allowing Bryant's legal ex-

pert to testify beyond the scope of his reports and expert disclosures; and 6) the trial court erred in its calculation of pre-judgment interest. Because we conclude it was harmful error to exclude the testimony of the mediator in this case, we reverse and remand for further proceedings.

## Factual Background

Bryant hired attorney Long to represent her in litigation against a roofing contractor concerning the installation of a new roof on her residence. The contractor sued Bryant when she did not finish paying for the work. Bryant counterclaimed on various theories including breach of contract and violations of the Texas Deceptive Trade Practices Act [1]. *Bryant v. Canyon Creek Roof Co., Inc.*, No. 07–99–0168–CV, 2001 WL 184560, at *1 (Tex.App.-Amarillo Feb. 26, 2001, no pet.) (not designated for publication) (the underlying litigation).

The suit settled at mediation. *Id.* The parties entered into a written settlement agreement and settled all claims between Bryant and the roofing company, except for attorney's fees and recoverable costs of litigation. *Id.* The issue of attorney's fees and costs in the underlying litigation was left to the trial court. *Id.* When the trial court in the underlying litigation decided that each party was to bear its own costs and attorney's fees, Bryant sued Long for legal malpractice.

Bryant's theory of malpractice liability involves an alleged failure to disclose the risks and benefits of settlement, including the fact that the trial court had the power to deny Bryant her attorney's fees. Long claimed at trial that she had fully disclosed the risks and benefits of settlement, in-cluding the risk that the trial court might not award attorney's fees to Bryant.

Long claims that the only people privy to the aforementioned discussion and disclosure were Long, Bryant, and the mediator. At trial, Long attempted to call the mediator to testify to the substance of the disclosure, presumably in order to take the controversy out of the context of a swearing match between the litigants. The mediator appeared at trial, and the record does not indicate the mediator objected to testifying. The trial court did not allow the mediator to testify on the basis of one of the confidentiality provisions of Texas' alternative dispute resolution procedures. *See, e.g.,* TEX. CIV. PRAC. & REM.CODE ANN. § 154.053 (Vernon Supp.2004).

## Standard of Review

■ We review a trial court's evidentiary rulings for abuse of discretion. *Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887, 906 (Tex.2000). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985). Unless the trial court's erroneous evidentiary ruling probably caused the rendition of an improper judgment, we will not reverse the ruling. *Horizon,* 34 S.W.3d at 906; TEX.R.APP. P. 44.1(a).

## Applicable Law

Texas has two statutory provisions relating to the confidentiality of alternative dispute resolution proceedings. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 154.053, 154.073 (Vernon Supp.2004). Pertinent to this dispute, section 154.053, entitled "Standards

---

1. TEX. BUS. & COM.CODE ANN. §§ 17.41–17.63, known as the Deceptive Trade Practices–Consumer Protection Act. ("DTPA")

and Duties of Impartial Third Parties," provides:

\* \* \*

(b) Unless expressly authorized by the disclosing party, the impartial third party may not disclose to either party information given in confidence by the other and shall at all times maintain confidentiality with respect to the communications relating to the subject matter of the dispute.

(c) Unless the parties agree otherwise, all matters, including the conduct and demeanor of the parties and their counsel during the settlement process, are confidential and may never be disclosed to anyone, including the appointing court.

TEX. CIV. PRAC. & REM.CODE ANN. § 154.053 (Vernon Supp.2004). The other confidentiality provision, section 154.073, entitled "Confidentiality of Certain Records and Communications" states:

(a) Except as provided by Subsections (c), (d), (e), and (f), a communication relating to the subject matter of any civil or criminal dispute made by a participant in an alternative dispute resolution procedure, whether before or after the institution of formal judicial proceedings, is confidential, is not subject to disclosure, and may not be used as evidence against the participant in any judicial or administrative proceeding.

(b) Any record made at an alternative dispute resolution procedure is confidential, and the participants or the third party facilitating the procedure may not be required to testify in any proceedings relating to or arising out of the matter in dispute or be subject to process requiring disclosure of confidential information or data relating to or arising out of the matter in dispute.

(c) An oral communication or written material used in or made a part of an alternative dispute resolution procedure is admissible or discoverable if it is admissible or discoverable independent of the procedure.

\* \* \*

(e) If this section conflicts with other legal requirements for disclosure of communications, records, or materials, the issue of confidentiality may be presented to the court having jurisdiction of the proceedings to determine, in camera, whether the facts, circumstances, and context of the communications or materials sought to be disclosed warrant a protective order of the court or whether the communications or materials are subject to disclosure.

TEX. CIV. PRAC. & REM.CODE ANN. § 154.073 (Vernon Supp.2004).

This Court recently decided a case wherein a new tort was alleged to have been committed during an alternative dispute resolution procedure and the confidentiality provisions of the Texas ADR process were at issue. *Avary v. Bank of Am., N.A.*, 72 S.W.3d 779 (Tex.App.-Dallas 2002, pet. denied). In *Avary*, a personal injury suit settled in mediation. *Id.* at 784. Bank of America was the executor of the decedent's estate. *Id.* The beneficiaries of the estate later sued the bank for breach of fiduciary duty occurring during the mediation. *Id.* at 785. The later dispute was only between the fiduciary and the beneficiaries; the original settling defendant was not a party to the later proceedings. *Id.* Further, because the information sought to be disclosed was held by a party and not the mediator, only section 154.073 was implicated. *See id.* at 793.

In *Avary* we noted that actions to enforce settlement agreements implicate confidentiality concerns. *Id.* at 800. In *Avary*, this Court held that where a claim is based on a new and independent tort committed in the course of mediation proceedings, and the tort encompasses a duty

to disclose, section 154.073 did not bar discovery of the claim where the trial judge found in light of the "facts, circumstances, and context," disclosure was warranted. *Id.* at 803. However, this Court specifically noted that it was not deciding whether a mediator can be compelled to testify or respond to discovery. *Id.*

■ The *Avary* opinion set forth important policy considerations underpinning the mediation confidentiality statutes. First, it is the policy of this state to encourage the peaceful resolution of disputes through voluntary settlement procedures. *Id.* at 797 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 154.002 (Vernon 1997)). Second, confidentiality is critical to the success of the mediation process. *Id.* Without a guarantee of confidentiality, parties may be reluctant to speak freely and address the heart of the dispute. *Id.*

■ Although the mediation confidentiality statutes have not been accorded the status of privileges by case law, and we do not consider the issue here, it is helpful to analyze certain situations where privileges have been held not to be absolute. As discussed below, a statutory privilege may be waived by the holder of a privilege. The Texas Supreme Court held that one cannot invoke the jurisdiction of the courts in search of affirmative relief, and yet, on the basis of privilege, deny a party the benefit of evidence that would materially weaken or defeat the claims against her. *Ginsberg v. Fifth Court of Appeals,* 686 S.W.2d 105, 107 (Tex.1985) (orig. proceeding). Such offensive, rather than defensive, use of a privilege lies outside the intended scope of the privilege. *Id.* (psychotherapist-patient privilege). The court recognized the plaintiff's fundamental right to assert the privilege but noted that he "may be forced to elect whether to claim his privilege or abandon his claim" based on principles of fundamental fairness. *Id.* at 107 (quoting *Henson v. Citi-*

*zens Bank of Irving,* 549 S.W.2d 446, 448 (Tex.Civ.App.-Eastland 1977, no writ) (offensive use of Fifth Amendment privilege)).

■ The Texas Supreme Court has since built upon what is termed the "offensive use" doctrine in its subsequent decisions. Before a party may be found to have waived an asserted privilege, a court must determine that:

(1) the party asserting the privilege is seeking affirmative relief;

(2) the privileged information sought is such that, if believed by the fact finder, in all probability it would be outcome determinative of the cause of action asserted; and

(3) disclosure of the confidential information is the only means by which the aggrieved party may obtain the evidence.

*TransAmerican Natural Gas Corp. v. Flores,* 870 S.W.2d 10, 11–12 (Tex.1994) (orig. proceeding); *Republic Ins. Co. v. Davis,* 856 S.W.2d 158, 163 (Tex.1993) (orig. proceeding). Outcome determinative under the second prong means the communication is not merely relevant or a contradiction in position. *Davis,* 856 S.W.2d at 163. "The confidential communication must go to the very heart of the affirmative relief sought." *Id.*

■ When a party uses a privilege as a sword rather than a shield, she waives the privilege. *Marathon Oil Co. v. Moyé,* 893 S.W.2d 585, 590 (Tex.App.-Dallas 1994) (orig. proceeding) (citing *Davis,* 856 S.W.2d at 163). Waiver based on offensive use of a privilege applies to confidential attorney-client communications. *Davis,* 856 S.W.2d at 164.

### Application of Law to Facts

■ *Avary* involved an analysis of section 154.073 of the ADR confidentiality

statute. *Avary,* 72 S.W.3d at 794–803; TEX. CIV. PRAC. & REM.CODE ANN. § 154.073 (Vernon Supp.2004). In contrast, the trial judge in this case based his decision on section 154.053 of the ADR confidentiality statute. TEX. CIV. PRAC. & REM.CODE ANN. § 154.053 (Vernon Supp.2004). One law review commentator has observed the apparent conflict between the two rules, i.e., section 154.053 being apparently absolute on its face, and section 154.073 allowing for an exception to the bar on disclosure. Greg Dillard, *The Future of Mediation Confidentiality in Texas: Shedding Light on a Murky Situation,* 21 REV. LITIG. 137, 145 (2002). This Court need not resolve that apparent conflict because we conclude Bryant has waived mediation confidentiality under both ADR confidentiality statutes due to her offensive use of the statutory confidentiality provisions.

As in *Avary,* the parties to the original litigation peacefully resolved their dispute. *Avary,* 72 S.W.3d at 797. Again, as in *Avary,* one of the parties now seeks to prove a new and independent cause of action that is alleged to have occurred during the mediation process. *Id.* at 798. That party does not propose to discover or use the evidence to obtain additional funds from the settling roofing contractor in the underlying litigation. *See id.* The confidential information was offered in this separate and distinct case arising between one of the parties to the underlying litigation and her attorney.

The new cause of action asserted by Bryant below involved Long's alleged legal malpractice during the mediation proceedings. Significant substantive and procedural rights of Long are implicated, including the opportunity to develop evidence of her defense to the claim of legal malpractice and to submit contested fact issues to the fact-finder. *See Avary,* 72 S.W.3d at 800. In pursuing her defense, Long will not disturb the settlement in the underlying litigation. *See id.* From a policy standpoint, these considerations support disclosure of the confidential communications at issue in this case.

■ The three-part test enunciated in *Davis* also supports disclosure. *Davis,* 856 S.W.2d at 163. First, Bryant sought affirmative relief in the form of a money judgment from her attorney. Second, the information sought was likely outcome determinative. Long testified that during the confidential conversation at issue, only Long, Bryant, and the mediator were present. The testimony of the mediator can hardly be deemed cumulative, as Bryant claims, when the only other evidence available to the fact-finder constituted a veritable swearing match between the two litigants. The mediator's testimony in this case would be crucial in getting to the heart of the advice rendered, or not rendered, by attorney Long to Bryant. Third, due to the fact that only those three were present, the mediator's testimony is the principle means by which attorney Long can obtain and present unbiased and critical evidence to the trier of fact.

We conclude all elements for the offensive use doctrine would be met in this case were the attorney-client privilege at issue. Because the mediation confidentiality statutes and the attorney-client privilege are grounded upon similar policy rationales, including effective legal services and administration of justice, the offensive use doctrine should apply similarly to the mediation confidentiality statutes. *Davis,* 856 S.W.2d at 160; *See Avary,* 72 S.W.3d at 797. It is only fair to require Bryant either to abandon her claim of confidentiality or abandon her claim of legal malpractice entirely.

■ Bryant asserts in this Court that Long waived her claim of error concerning the exclusion of the mediator's testimony by not properly lodging a bill of exception.

*E.g. Richards v. Comm'n for Lawyer Discipline,* 35 S.W.3d 243, 252 (Tex.App.-Houston [14th Dist.] 2000, no pet.); *Malone v. Foster,* 956 S.W.2d 573, 577 (Tex. App.-Dallas 1997), *aff'd,* 977 S.W.2d 562 (Tex.1998). However, due to the confidentiality concerns at issue, the trial judge instructed Long to describe the types of questions and answers she expected from the mediator. The judge stated, "I'm not trying to restrict your ability to preserve your record, but at the same time it seems to me that it defeats the confidentiality if we create a record that then is open for anybody to look at." Both parties stated on the record that such procedure would be fine. Thereafter, counsel for Long recited the expected questions and answers in detail. It is disingenuous for Bryant to claim error now when she expressly consented to this procedure at trial. Further, the record is abundantly clear from the transcribed proposed questions and answers what the substance of the mediator's testimony would have been. *See* Tex.R. Evid. 103(a)(2). We conclude Long properly preserved her claim concerning the exclusion of the mediator's testimony.

### Conclusion

We conclude that, under the facts of this case, the trial court abused its discretion when it improperly excluded the testimony of the mediator. As the proffered testimony would be outcome determinative and not cumulative, we further conclude the error likely caused the rendition of an improper judgment. *See* Tex.R.App. P. 44.1(a)(1). We reverse the trial court's judgment and remand for further proceedings.