**In re EMPIRE PIPELINE CORPORATION; Empire Exploration, L.P.; & Empire Exploration Corporation, Relators.**

No. 05–10–01044–CV.

Court of Appeals of Texas, Dallas.

Sept. 15, 2010.

Rehearing Overruled Oct. 21. 2010.

Robert L. Harris, Roger E. Beecham and Kevin Haynes C., Shannon, Gracey, Ratliff, & Miller, LLP, Dallas, TX, for Relators.

Emil Lippe, Jr., Lippe & Associates, Dallas, TX, for Real Party in Interest.

Before Justices MOSELEY, LANG, and MYERS.

## OPINION

Opinion By Justice LANG.

In this mandamus proceeding, relators Empire Pipeline Corporation; Empire Exploration, L.P.; and Empire Exploration Corporation (collectively, "Relators") seek relief from the trial court's order granting, in part, a motion by real party in interest H. Glenn Gunter to compel discovery relating to a mediation. Because we conclude the trial court abused its discretion and relators have no adequate remedy by appeal, we conditionally grant the writ of mandamus.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Gunter sued Relators in February 2006, alleging breach of a contract relating to oil and gas exploration and other theories of recovery (the "original underlying action"). At a December 2007 mediation, the parties signed a document entitled "settlement agreement" (the "agreement"). Among those present at the mediation was Relators' "attorney-in-charge," Robert L. Harris.

Approximately two months later, Gunter moved to "vacate" the agreement, alleging it was invalid and unenforceable on several grounds, including duress and fraud. Relators filed a "response" to Gunter's motion to vacate in which they included a prayer requesting that the trial court "enter judgment enforcing the Settlement Agreement and Dismissal with Prejudice of all Plaintiff's Claims." Following a non-evidentiary hearing, the trial judge signed a March 25, 2008 order that both enforced the agreement and dismissed Gunter's claims with prejudice. Gunter appealed in this Court.

While that appeal was pending, Gunter filed a separate suit in the trial court in which he asserted a declaratory judgment action against Relators (the "declaratory action"). In that declaratory action, Gunter sought, in part, "a declaration of and from [the trial court] that the alleged performance tendered by [Relators] ... has failed to comply with the terms of either the alleged Settlement Agreement or the underlying Judgment dated March 25, 2008."

On July 24, 2009, this Court reversed the trial court's judgment in the original underlying action and remanded that case to the trial court for further proceedings.

Specifically, this Court concluded "the trial court erred by rendering a judgment that essentially ordered specific performance of the settlement agreement without proper pleadings, proceedings, and proof."

On March 5, 2010, Gunter served upon Relators' counsel a "Notice of Deposition Duces Tecum of Robert L. Harris" (the "notice of deposition") in both the original underlying action and the declaratory action. That notice stated Harris's deposition would be taken "for use as evidence in this cause" and requested Harris to produce (1) all documents in the nature of notes and drafts from the mediation in this case held on or about December 12–13, 2007; (2) any form overriding royalty agreements or assignments to which he has access or which he utilizes or has utilized; and (3) all drafts or final versions of overriding royalty agreements or assignments relating to Relators. On March 10, 2010, Relators filed an amended motion to quash the notice of deposition and for a protective order. Relators asserted, *inter alia*, "mediation privilege," attorney-client privilege, and attorney work-product privilege. Additionally, Relators argued generally that Gunter's deposition and document requests in the notice of deposition fell outside the scope of proper discovery.

Gunter filed an April 20, 2010 motion to compel discovery (the "motion to compel")[1] in which he sought to compel Harris's deposition and production of the documents identified in the notice of deposition. The specific scope of discovery sought by Gunter is described by him in the motion to compel as follows:

Here, the scope of the documents sought indicates the subject matter on which Robert Harris is to be deposed: discussions and negotiations with opposing parties, including the mediator and Plaintiff and his counsel, in connection with the alleged settlement agreement sought to be enforced by Defendants. Plaintiff is not seeking the work product of counsel, nor his trial strategy, but rather information going to the very heart of the issue: was an agreement actually reached at the mediation, and, if so, what were its terms?

Relators filed a response to that motion in which they asserted, *inter alia*, essentially the same arguments asserted in their motion to quash and for protective order.

In response to Relators' counterclaim seeking specific performance of the agreement, Gunter filed an answer that was served upon counsel of record on July 2, 2010. In that answer, Gunter asserted "affirmative defenses and matters in avoidance" respecting the agreement that included, *inter alia*, (1) withdrawal of consent, (2) duress and coercion, (3) mistake, (4) no meeting of the minds, (5) no agreement on essential terms, (6) material breach, (7) fraudulent inducement, and (8) breach of fiduciary duty.

Following a hearing on Gunter's motion to compel, the trial court signed a July 9, 2010 order that granted, in part, and denied, in part, the motion to compel. That order stated, in relevant part:

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Plaintiff's Motion to Compel Discovery be and it hereby is GRANTED in part and DENIED in part. Plaintiff shall be allowed to take the depositions of Robert L. Harris, and any other representatives of Defendants who were present at the mediation in this case held in December 12–13, 2007, provided, however, that no inquiry may be made concerning: (1) communications between coun-

---

1. The motion to compel bore the cause number for the declaratory action, but not the cause number for the original underlying action.

sel and client representatives of Defendants, or (2) trial preparation materials, work product, opinions of counsel, trial strategy, or the mental processes of counsel for Defendants, unless such matters were communicated to the mediator or to Plaintiff or his representatives. Defendants are also ORDERED to produce any notes or drafts of documents given ~~or communicated~~ to the mediator or Plaintiff or his representatives, in connection with the mediation or the preparation of documents relating to the alleged mediated settlement agreement. In all other respects, the Motion to Compel is DENIED.[2]

(emphasis original). On that same date, the declaratory judgment action was consolidated with the original underlying action. This mandamus proceeding followed.

## II. RELATORS' REQUEST FOR RELIEF

Relators contend that because the trial court abused its discretion in ordering Harris to submit to a deposition and produce documents and no adequate remedy by appeal exists, this Court should grant Relators' petition for writ of mandamus and vacate the trial court's July 9, 2010 order. Relators assert the testimony and documents the trial court order produced "are protected under (1) the ADR privilege, (2) the work product privilege, (3) the attorney-client privilege, and are (4) generally beyond the permissible scope of discovery."

Gunter argues confidentiality of mediation proceedings "is not absolute" and does not apply here. Further, according to Gunter, "[t]here is no good faith issue concerning the work product or attorney-client privilege presented by this manda-

mus proceeding" because his counsel has "expressly stated that no such discovery is sought" and the trial court has "emphatically stated that such will not be allowed." Additionally, Gunter asserts (1) "[t]he narrow inquiry permitted by the trial court's order is the necessary result of *Cadle v. Castle* "; (2) "prejudgment of the material issues, as sought by [Relators], is improper"; and (3) "[m]andamus should be denied because Relators have unclean hands."

### A. Applicable Law

■ Mandamus will issue if the relator establishes a clear abuse of discretion for which there is no adequate remedy by appeal. *In re Odyssey Healthcare, Inc.,* 310 S.W.3d 419, 422 (Tex.2010) (orig. proceeding); *In re Deere & Co.,* 299 S.W.3d 819, 820 (Tex.2009) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.,* 164 S.W.3d 379, 382 (Tex.2005) (orig. proceeding); *In re Tex. Am. Express, Inc.,* 190 S.W.3d 720, 723 (Tex.App.-Dallas 2005, orig. proceeding). A trial court has no discretion in determining what the law is or applying the law to the facts. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992) (orig. proceeding). Thus a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ. *Id.; see also In re Tex. Am. Express,* 190 S.W.3d at 724. "[T]he adequacy of an appeal depends on the facts involved in each case." *In re McAllen Med. Ctr., Inc.,* 275 S.W.3d 458, 468 (Tex.

**2.** Above the text that appeared with a line drawn through it were the judge's handwrit-    ten initials.

2008) (original proceeding); *see also In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 136 (Tex.2004) (orig. proceeding). Where disclosure of privileged information would materially affect the aggrieved party's rights, an appeal has been held to be inadequate. *See In re McAllen Med. Ctr., Inc.,* 275 S.W.3d at 468.

### B. Analysis

#### 1. Confidentiality of Mediation Proceedings

We begin with Relator's contention that the testimony and documents sought by Gunter are protected by "the ADR privilege." Chapter 154 of the Texas Civil Practice and Remedies Code addresses "Alternative Dispute Resolution Procedures." *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 154.001–.073 (West 2005 & Supp. 2010). Section 154.073 of that chapter provides, in relevant part, as follows:

§ 154.073. Confidentiality of Certain Records and Communications

(a) Except as provided by [other subsections], a communication relating to the subject matter of any civil or criminal dispute made by a participant in an alternative dispute resolution procedure, whether before or after the institution of formal judicial proceedings, is confidential, is not subject to disclosure, and may not be used as evidence against the participant in any judicial or administrative proceeding.

(b) Any record made at an alternative dispute resolution procedure is confidential, and the participants or the third party facilitating the procedure may not be required to testify in any proceedings relating to or arising out of the matter in dispute or be subject to process requiring disclosure of confidential information or data relating to or arising out of the matter in dispute.

(c) An oral communication or written material used in or made a part of an alternative dispute resolution procedure is admissible or discoverable if it is admissible or discoverable independent of the procedure.

. . . .

(e) If this section conflicts with other legal requirements for disclosure of communications, records, or materials, the issue of confidentiality may be presented to the court having jurisdiction of the proceedings to determine, in camera, whether the facts, circumstances, and context of the communications or materials sought to be disclosed warrant a protective order of the court or whether the communications or materials are subject to disclosure.

*Id.* § 154.073. Further, "[u]nless the parties agree otherwise, all matters, including the conduct and demeanor of the parties and their counsel during the settlement process, are confidential and may never be disclosed to anyone, including the appointing court." *Id.* § 154.053(c); *see also Allison v. Fire Ins. Exch.,* 98 S.W.3d 227, 259 (Tex.App.-Austin 2002, pet. granted, judgm't vacated w.r.m.) ("a 'cloak of confidentiality' surrounds mediation, and the cloak should be breached only sparingly").

Gunter contends "[t]he confidentiality of mediation proceedings is not absolute, as numerous decisions of this Court have established." In support of that contention, Gunter cites *Avary v. Bank of America,* 72 S.W.3d 779 (Tex.App.-Dallas 2002, pet. denied), and two additional cases Gunter asserts "underscore the continuing validity of *Avary," Knapp v. Wilson N. Jones Memorial Hospital,* 281 S.W.3d 163 (Tex.App.-Dallas 2009, no pet.), and *Alford v. Bryant,* 137 S.W.3d 916 (Tex.App.-Dallas 2004, pet. denied).

*Avary* involved a settlement agreement reached during the course of court-ordered

mediation of a wrongful death claim. *Avary*, 72 S.W.3d at 784–85. After conclusion of the wrongful death lawsuit, Rhonda Avary, the guardian of the estates of the decedent's minor children, sued Bank of America, N.A., executor of the decedent's estate, for breach of fiduciary duty, negligence, fraud, and conspiracy based on the bank's alleged rejection of a $450,000 settlement offer and acceptance of a smaller allocation. *Id.* The bank moved for summary judgment on the ground that Avary had no evidence to support her claims because all communications made at the mediation were confidential under section 154.073. *Id.* at 784. After permitting limited discovery, the trial judge granted the bank's motion for summary judgment. *Id.*

On appeal, Avary complained in part that the trial judge abused his discretion by prohibiting certain discovery relating to the mediation session. *Id.* This Court reversed the trial court's judgment and remanded the case for further proceedings. *Id.* First, this Court concluded the bank's fiduciary obligations constituted a "legal requirement for disclosure" pursuant to section 154.073(e) and that requirement conflicted with the confidentiality provisions of section 154.073. *Id.* at 796. Thus, this Court reasoned, an analysis pursuant to section 154.073(e) was required to determine whether, in light of the "facts, circumstances, and context," disclosure of the confidential communications was warranted. *Id.*

Next, this Court observed that the parties to the original litigation had resolved their dispute "as the ADR statute contemplates," and Avary was not proposing "to use mediation communications to establish any liability on [defendants'] part" after they had resolved their dispute. *Id.* at 798. Rather, this Court stated, Avary was seeking to prove a "new and independent tort" that allegedly occurred during the

course of the mediation proceeding and involved "breach of a duty to disclose" by her fiduciary, the bank. *Id.* at 800. As this Court observed, the evidence sought by Avary was to be offered "in a separate case against a separate party to prove a claim that is factually and legally unrelated to the wrongful death and survival claims" that were the subject of the mediation. *Id.* at 798. This Court stated "[s]ignificant substantive and procedural rights of Avary's are implicated, including the opportunity to develop evidence of her claim and to submit contested fact issue to a judge or jury." *Id.* at 800. Further, this Court stated, in pursuing that claim, Avary would not disturb the settlement with the defendants. *Id.* In a holding this Court specified was "limited to the facts before us," this Court stated, "We conclude only that where a claim is based upon a new and independent tort committed in the course of the mediation proceedings, and that tort encompasses a duty to disclose, section 154.073 does not bar discovery of the claim where the trial judge finds in light of the "facts, circumstances, and context," disclosure is warranted." *Id.* at 803.

We disagree with Gunter that "[t]his Court's discussion and holding in *Avary* . . . provides a roadmap for resolution of the issue presented by the mandamus application here." *Avary* involved a claim based on a "new and independent tort," the pursuit of which would not disturb the settlement reached at the mediation proceeding as to which discovery was sought. *Id.* at 800. The evidence sought was to be offered "in a separate case against a separate party to prove a claim that is factually and legally unrelated to the wrongful death and survival claims" that were the subject of the mediation. *Id.* at 798. Here, Gunter has asserted "affirmative defenses and matters in avoidance" in an action by Relators to enforce the agreement. Gunter cites no authority, and we

have found none, for his assertion that the narrow holding of *Avary* applies when defending an action, like this one, to enforce a settlement reached in the mediation proceeding as to which discovery is sought. Accordingly, we conclude *Avary* is inapplicable here. *See id.* at 802–03 (conclusion of *Avary* limited to facts before this Court).

Likewise, neither *Knapp* nor *Alford* involved defense of an action to enforce a settlement reached in the mediation proceeding as to which discovery was sought. *See Knapp,* 281 S.W.3d at 175 (piercing confidentiality of mediation proceeding in suit by former employee against his former employer for denial of severance pay to allow discovery as to prior arbitration between employer and its auditor regarding reasons for denial of severance pay); *Alford,* 137 S.W.3d at 922 (piercing confidentiality of mediation proceeding in suit between party to mediation and that party's attorney at mediation, where party alleged attorney committed malpractice during mediation by failing to disclose risks and/or benefits of settlement). Therefore, we conclude those cases are inapposite.

Additionally, Gunter contends the granting of the relief requested by Relators would "emasculate the holding of *Cadle Co. v. Castle,*" 913 S.W.2d 627 (Tex.App.-Dallas 1995, writ denied). According to Gunter, in *Cadle,* "this Court held that proceedings for enforcement of a settlement agreement require proper pleading and proof and that the matter would be treated as any contract dispute." *Cadle* involved the interpretation of section 154.071(b) of the Texas Civil Practice and Remedies Code, which gives a trial judge the discretion to incorporate specific terms of a written settlement agreement in the trial court's final judgment. *Id.* at 631. This Court stated in *Cadle,* "We do not believe the legislature intended section 154.071(b) to be used to enter a judgment on the merits of a cause of action without a party having the right to be confronted by appropriate pleadings, an opportunity to conduct discovery and assert defenses, or a chance to have the dispute determined by a judge or jury." *Id.* at 632. However, Gunter cites no authority, and we have found none, to support his position that *Cadle* renders the confidentiality provisions of chapter 154 of the civil practice and remedies code inapplicable on these facts. We cannot agree with Gunter's contention.

The trial court's order at issue allows Gunter "to take the depositions of Robert L. Harris, and any other representatives of Defendants who were present at the mediation in this case held in December 12–13, 2007, provided, however, that no inquiry may be made concerning: (1) communications between counsel and client representatives of Defendants, or (2) trial preparation materials, work product, opinions of counsel, trial strategy, or the mental processes of counsel for Defendants, unless such matters were communicated to the mediator or to Plaintiff or his representatives." Further, that order compels discovery of "any notes or drafts of documents given ... to the mediator or Plaintiff or his representatives, in connection with the mediation or the preparation of documents relating to the alleged mediated settlement agreement." We conclude all such discovery is barred by sections 154.073(a) and 154.073(b) of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 154.073(a)-(b). Accordingly, we conclude the trial court abused its discretion by ordering the testimony and production of documents at issue. In light of those conclusions barring all discovery pursuant to the trial court's order, we need not address the parties'

arguments respecting (1) testimony and documents potentially protected from discovery because of the work product privilege or attorney-client privilege or (2) "prejudgment of the material issues."

## 2. Lack of Adequate Appellate Remedy

■ Next, we must consider whether Relators lack an adequate remedy by appeal. *See In re Odyssey Healthcare, Inc.,* 310 S.W.3d at 422; *In re Deere & Co.,* 299 S.W.3d at 820. Relators assert that "because [the order at issue] requires Mr. Harris to produce privileged and overbroad discovery, no adequate remedy by appeal exists." Gunter does not address that argument.

Where disclosure of privileged information would materially affect the aggrieved party's rights, an appeal has been held to be inadequate. *See In re McAllen Med. Ctr., Inc.,* 275 S.W.3d at 468. On this record, we conclude the rights of Harris and Relators would be materially affected by disclosure of the confidential information at issue. *See In re Alcatel USA, Inc.,* 11 S.W.3d 173, 175 (Tex.2000) (orig. proceeding) (grant of mandamus relief was proper where trial court wrongly denied motion to quash deposition notice); *Huie v. DeShazo,* 922 S.W.2d 920, 928 (Tex.1996) (orig. proceeding) (because trial court's order compelled discovery of privileged information, relator lacked adequate remedy by appeal); *In re Children's Med. Ctr. of Dallas,* No. 05–00–01900–CV, 2001 WL 827474, at *2 (Tex.App.-Dallas July 24, 2001, orig. proceeding) (not designated for publication) (party cannot have adequate remedy by appeal from denial of privilege because once privileged matter is revealed, privilege is lost); *cf. In re Baptist Hosps. of Se. Tex.,* 172 S.W.3d 136, 145–46 (Tex. App.-Beaumont 2005, orig. proceeding) (calling opposing counsel of record as witness "seriously disrupts counsel's function-

ing as an advocate" and is inappropriate under most circumstances). Therefore, we conclude Relators lack an adequate remedy by appeal.

## 3. Unclean Hands

■ Finally, we address Gunter's argument that "mandamus should be denied because Relators have unclean hands." According to Gunter, Relators have shown unclean hands by their "total disregard of prior court decisions of this Court, even an *en banc* decision, and similar decisions of the Texas Supreme Court and other Courts of Appeals," and have "further exhibited disregard of [their] obligations to pay costs of the previous appeal to this Court." However, even assuming, without deciding, that Gunter's allegations are supported by the record, Gunter cites no authority, and we have found none, for his contention that such facts warrant denial of the petition for writ of mandamus in this case. *Cf. In re Jim Walter Homes, Inc.,* 207 S.W.3d 888, 899 (Tex.App.-Houston [14th Dist.] 2006, orig. proceeding) (unclean hands doctrine should not be applied when complaining party has not been seriously harmed and wrong complained of can be corrected without applying doctrine); *In re Shaw,* No. 05–07–01040–CV, 2007 WL 2447275, at *2 n. 3 (Tex.App.-Dallas Aug. 30, 2007, orig. proceeding) (doctrine of unclean hands not applicable in mandamus case where party asserting defense did not show he was seriously harmed and wrong could not be corrected without applying doctrine). We are not persuaded by Gunter's argument as to "unclean hands."

## III. CONCLUSION

We conclude Relators have shown that the trial court abused its discretion and that they have no adequate remedy by appeal. Consequently, we conditionally

grant Relators' petition for writ of mandamus. A writ will issue only in the event the trial court fails to (1) vacate its July 9, 2010 order in so far as it requires Harris to submit to a deposition respecting "discussions and negotiations with opposing parties, including the mediator and Plaintiff and his counsel, in connection with the alleged settlement agreement sought to be enforced by Defendants" and produce "any notes or drafts of documents given ... to the mediator or Plaintiff or his representatives, in connection with the mediation or the preparation of documents relating to the alleged mediated settlement agreement" and (2) render an order denying Gunter's "Motion to Compel Discovery" to the extent that motion pertains to such deposition and documents.