DISMISS; Opinion issued January 9, 2013.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-00249-CV

## H. GLENN GUNTER, Appellant

## V.

## EMPIRE PIPELINE CORPORATION, EMPIRE EXPLORATION L.P., AND EMPIRE EXPLORATION CORPORATION, Appellees

On Appeal from the 192nd Judicial District Court
Dallas County, Texas
Trial Court Cause No. 06-01629-K

# OPINION

Before Justices O'Neill, Fitzgerald, and Lang-Miers
Opinion By Justice O'Neill

The parties bring this agreed interlocutory appeal pursuant to section 51.014(d) of the Texas Civil Practice and Remedies Code. In this appeal, the parties seek review of the trial court's order granting appellees' Empire Pipeline Corporation, Empire Exploration, L.P., and Empire Exploration Corporations "Motion to Quash Notice of Deposition Duces Tecum and Subpoena" and "Motion for Protection." In the trial proceedings, appellant sought to depose Jennifer Keefe, an attorney that had previously represented him in this same case, to obtain evidence to show a mediated settlement agreement should be vacated. Appellees sought to quash the subpoena and moved for protection asserting appellant's attempt to depose his own attorney was: (1) an attempt to "invade" the privilege

for statements made in mediation, (2) the discovery period was closed, and (3) any statements made during mediation were not relevant. The trial court's "Order Permitting Agreed Interlocutory Appeal" states the trial court was granting permission to appeal the "Order Granting" the motion to quash.

Article 51.014(d) provides that a trial court may permit an appeal of an order not otherwise appealable if (1) the order appealed from involves a "controlling question" of law as to which there is a substantial ground for difference of opinion, and (2) an immediate appeal from the order would materially advance the ultimate termination of the litigation. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d) (West 2008). Rule 28.2 of the rules of appellate procedure requires the notice of appeal in such an appeal contain, among other things, (1) a statement that all parties agree that the order appealed from involves a controlling question of law as to which there is a substantial ground for a difference of opinion, (2) a brief statement of the issues or points presented, and (3) a concise explanation of how an immediate appeal may materially advance the ultimate termination of this litigation. *See* TEX. R. APP. P. 28.2(c).[1]

Appellant's notice of appeal stated that the parties agreed the appeal involved a "controlling question of law" as to which there was a substantial ground for difference of opinion. The notice further stated that the point presented for appeal concerned whether the trial court erred in granting the motion to quash and for protection precluding plaintiff from deposing Keefe. The notice finally claimed the appeal may materially advance the ultimate termination of the litigation because the trial court would be required to rule on the admissibility of testimony regarding statements made during mediation at trial and that Keefe's testimony may be material to the enforceability of the mediated

---

[1] This case was filed before September 1, 2011, therefore rule 28.2 applies. *See* rule 28.2, Notes and Comments.

settlement agreement.

On October 18, 2012, we requested the parties to file jurisdictional briefs addressing whether this agreed interlocutory appeal of a discovery dispute meets the jurisdictional requirements. To date, neither appellant nor appellees have responded to our request. After reviewing the record, we conclude this appeal does not meet the requirements of an agreed interlocutory appeal.

In its motion to quash, Empire asserted Gunter could not depose his own attorney because it would allow Gunter to obtain facts obtained during mediation in violation of article 154.073(a) of the civil practice and remedies code. The trial court granted the motion. To invoke this court's jurisdiction, the notice of appeal states an immediate appeal from the discovery ruling may materially advance the ultimate termination of the litigation because the testimony of Keefe "may be material" to the question of enforceability of a mediated settlement agreement and the trial court will be required to "rule on admissibility" of her testimony at trial.

A trial court's determination on a motion to quash is not a determination as to admissibility, but concerns a parties ability to acquire information that might lead to admissible information. Gunter has not asserted he needed to depose of his own attorney to obtain the information he seeks. Nor is there anything in the record to suggest Keefe has failed to disclose information to her former client she obtained while representing him at mediation. Thus, unlike the mandamus brought in *in re Empire Pipeline*, 323 S.W.3d 308, 311 (Tex. App.—Dallas 2010, orig. proceeding), the issue is not one of disclosure of confidential information, but rather whether testimony about the mediation would ultimately be admissible at trial. It thus appears the parties are attempting to use an order on a motion to quash as a vehicle for obtaining a pretrial evidentiary ruling as to the ultimate

admissibility of evidence. However, whether the testimony about the mediation in general, and Keefe's testimony in particular, would be admissible at trial was not the issue before the trial court, and is not the issue before us. Indeed, any determination as to admissibility at this time is premature. *See, e.g., In re Christus Spohn Hosp. Kleberg*, 222 S.W.3d 434, 445 (Tex. 2007). We conclude the trial court's determination of the motion to quash is neither a controlling question of law nor would it materially advance the ultimate termination of the litigation. Consequently, we dismiss this appeal.


MICHAEL J. O'NEILL
JUSTICE


120249F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

H. GLENN GUNTER, Appellant

No. 05-12-00249-CV     V.

EMPIRE PIPELINE CORPORATION,
EMPIRE PIPELINE EXPLORATION, L.P.,
AND EMPIRE EXPLORATION
CORPORATION, Appellees

Appeal from the 192nd Judicial District
Court of Dallas County, Texas. (Tr.Ct.No.
06-01629-K).
Opinion delivered by Justice O'Neill,
Justices FitzGerald and O'Neill
participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal. We **ORDER** each

party bear their own costs of this appeal.

Judgment entered January 9, 2013.

MICHAEL J. O'NEILL
JUSTICE