

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00455-CV

IN RE THE OFFICE OF THE                                            RELATOR
ATTORNEY GENERAL OF TEXAS

----------

### ORIGINAL PROCEEDING

----------

## MEMORANDUM OPINION[1]

----------

The Office of the Attorney General of Texas seeks a writ of mandamus ordering the trial court to vacate its November 27, 2013 order compelling it to produce privileged or confidential information. We conditionally grant the writ of mandamus.

---

[1]*See* Tex. R. App. P. 47.4.

**Background Facts**

In February 2013, the Attorney General filed suit to establish Real Party in Interest Curtis Rogers as the father of B.R. Rogers sent a request for disclosures, a request for production, and interrogatories to the Attorney General. Rogers requested, among other things, the name, address, and telephone numbers of "any potential parties," "persons having knowledge of relevant facts," and "any person who is expected to be called to testify." Rogers also requested that the Attorney General produce B.R.'s mother's application for services submitted to the Attorney General and all related documents. The Attorney General provided some information but withheld the address and phone number of the mother and B.R.'s presumed father. The Attorney General objected to the requests for production on the grounds of privilege and confidentiality.

Rogers filed a motion to compel, which an associate judge granted. In a letter to the parties, the associate judge stated, "I believe that, contrary to [the Attorney General's] assertion as set forth in [its] brief, it is not the [Attorney General] who has discretion to release information, but the Court[]." After a de novo hearing before the district court, the district court affirmed the associate judge's recommendation. In a letter ruling, the district court judge stated,

> According to subsection (c), the [Attorney General] may release that information for purposes directly connected with the administration of child support and paternity determination. That is exactly the purpose of this lawsuit. The [Attorney General] certainly may release this information under those circumstances on their own accord. More importantly, it seems to me that if the [Attorney

2

General] may release that information, it is certainly within the discretion of the court to compel that information be produced if the [Attorney General] will not cooperate.

The trial court's order states

The information provided to the [Attorney General] by Mother as to this case and/or as to [Rogers] when she completed her application with the [Attorney General] is subject to the statutory privilege in Tex. Fam. Code § 231.108(b) and as excepted in Tex. Fam. Code § 231.108(c).[2]

The purpose of this lawsuit is directly connected with the [Attorney General]'s administration of child support and paternity determination.

According to Tex. Fam. Code § 231.108(c), the [Attorney General] has the discretion to release communications it may receive from Mother in this case; therefore, the court may compel the [Attorney General] to produce this information in discovery.

The order compelled the Attorney General to respond to Rogers's requests and interrogatories with the information that the mother provided the Attorney General's office but not information the Attorney General received from other government agencies. The Attorney General then filed its petition for writ of mandamus in this court.

## Standard of Review

Mandamus will issue to correct a discovery order if the order constitutes a clear abuse of discretion and there is no adequate remedy by appeal. *In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 887 (Tex. 2010) (orig. proceeding). When determining whether the trial court abused its discretion, we are mindful that the purpose of discovery is to seek the truth so that disputes may be decided

---

[2]*See* Tex. Fam. Code Ann. § 231.108 (West 2008).

3

by what the facts reveal, not by what facts are concealed. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding). The rules governing discovery do not require as a prerequisite to discovery that the information sought be admissible; it is enough that the information appears reasonably calculated to lead to the discovery of admissible evidence. *See* Tex. R. Civ. P. 192.3(a). But this broad grant is limited by the legitimate interests of the opposing party to avoid overly broad requests, harassment, or disclosure of privileged information. *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding).

Appellate courts will not intervene to control incidental trial court rulings when an adequate remedy by appeal exists. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). An appeal is inadequate when a party is in danger of losing substantial rights, such as (1) when the appellate court would not be able to cure the trial court's discovery error, (2) when the party's ability to present a viable claim or defense at trial is vitiated or severely compromised by the trial court's discovery error, or (3) when the trial court disallows discovery and the missing discovery cannot be made a part of the appellate record or the trial court, after proper request, refuses to make it part of the record. *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 210–11 (Tex. 2004) (orig. proceeding). Appellate courts must consider whether the benefits of mandamus review outweigh the detriments when determining whether appeal is

4

an adequate remedy.  *In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 845 (Tex. 2008) (orig. proceeding).

## Discussion

The Attorney General argues that the trial court abused its discretion by compelling the Attorney General to produce privileged information because the discretion to waive privilege lies with the Attorney General and not the trial court.[3]

Under section 231.108(a) of the family code, "all files and records of services provided [to the Attorney General] under this chapter, including information concerning a custodial parent, noncustodial parent, child, and an alleged or presumed father, are confidential."  Tex. Fam. Code Ann. § 231.108(a).  Subsection (b) states, "Except as provided by Subsection (c), all communications made by . . . an applicant for or recipient of services under this chapter are privileged."  *Id.* § 231.108(b).  Subsection (c) provides that the Attorney General "may" release the privileged or confidential information "for purposes directly connected with the administration of the child support [or] paternity determination."  *Id.* § 231.108(c).  Nothing in the statute requires it to release the information.

The trial court acknowledged that the information that the mother provided to the Attorney General was privileged under section 231.108(b).  But it claimed that because the statute permitted the Attorney General to waive privilege, the

_____

[3]We requested a response from Rogers, but we did not receive one.

5

statute somehow vested the trial court with the power to compel such waiver if the Attorney General refused to waive.

We have found no support for the trial court's reasoning that because a right *may* be waived, the trial court can *make* the party waive it. All privileges may be waived. *Alford v. Bryant*, 137 S.W.3d 916, 921 (Tex. App.—Dallas 2004, pet. denied) ("[A] statutory privilege may be waived by the holder of a privilege."). Yet only the holder of the privilege has the power to waive it. *See* Tex. R. Evid. 511 (stating that disclosure creates waiver only by acts of the privilege holder); *see also Alford*, 137 S.W.3d at 921; *In re Mktg. Investors Corp.*, 80 S.W.3d 44, 50 (Tex. App.—Dallas 1998, no pet.) ("Because the current management alone determines whether to use its privilege, they alone can invoke the protection of rule 511."). To allow a court to compel waiver would render any privilege, including attorney-client privilege, vulnerable to forced waiver.

Rule 512 of the rules of evidence supports this interpretation too. *See* Tex. R. Evid. 512. Rule 512 provides, "A claim of privilege is not defeated by a disclosure which was . . . compelled erroneously." *Id.* Thus, even when a court can compel a party to produce privileged documents, it cannot waive the party's claim of privilege. We therefore hold that the trial court clearly abused its discretion by attempting to waive the Attorney General's claim of privilege by compelling disclosure of privileged documents and information.[4]

---

[4]The trial court's comments during the de novo hearing also indicate an abuse of discretion. The trial court said, "I don't understand why the Attorney

6

We must also determine whether there is adequate remedy by appeal. *Olshan Found. Repair*, 328 S.W.3d at 887. If the Attorney General were required to wait until a final judgment to file an appeal, the privileged information would have already been disclosed and this court would be unable to cure the error. *See Walker v. Packer*, 827 S.W.2d 833, 843 (Tex. 1992) ("[A] party will not have an adequate remedy by appeal when the appellate court would not be able to cure the trial court's discovery error. This occurs when the trial court erroneously orders the disclosure of privileged information which will materially affect the rights of the aggrieved party."). Appeal in this case is inadequate. *See D.N.S. v. Schattman*, 937 S.W.2d 151, 159 (Tex. App.—Fort Worth 1997, no writ) ("Dr. S. lacks an adequate remedy by appeal because an appellate court would not be able to cure the trial court's discovery error in ordering the production of a privileged document."). We therefore conditionally grant the Attorney General's writ of mandamus.

---

General's Office believes they have an entirely different set of rules they can play with that no other attorney, no other agency can get away with. Makes no sense to me." Later, the trial court said, "I think that if [the Office of the Attorney General is] in some way protected by statute on this that the statute should be changed. This is just not proper for anybody in Mr. Rogers's position." Basing its ruling to compel the discovery of privileged documents on a disagreement with the law is a failure to analyze and apply the law correctly and therefore an abuse of discretion. *See Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011); *State v. Sw. Bell Tel. Co.*, 526 S.W.2d 526, 528 (Tex. 1975).

## Conclusion

We conditionally grant the Attorney General's petition for writ of mandamus, and we order the trial court to vacate its November 27, 2013 order. The writ will issue only if the trial court fails to comply with this order.

/s/ Lee Gabriel
LEE GABRIEL
JUSTICE

PANEL:  MCCOY, MEIER, and GABRIEL, JJ.

DELIVERED:  February 6, 2014

8