Opinion issued July 30, 2019



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00990-CV

————————————

**PEGGY PIERCE, Appellant**

**V.**

**GREGORY STOCKS, MD, Appellee**

---

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Case No. 2018-56514**

---

## MEMORANDUM OPINION

Appellant, Peggy Pierce, appeals the trial court's order denying her motion to dismiss filed pursuant to the Texas Citizens Participation Act ("TCPA" or "the

Act").[1]  In one issue, Pierce contends that the trial court erred when it denied her motion to dismiss appellee, Gregory Stock, MD's, claims for breach of fiduciary duty and fraud against her because (1) she showed by a preponderance of the evidence that the TCPA applies to Stocks's claims and (2) Stocks failed to establish by clear and specific evidence a prima facie case for each essential element of his claims.  We affirm.

## Background

Dr. Stocks, an orthopedic surgeon, practices with Fondren Orthopedic Group, L.L.P. ("FOG") and holds an ownership interest in Fondren Orthopedic Group, Ltd. ("FOLTD").[2]  FOG hired Pierce in 1989.  Pierce became FOG's administrator in 1993 and its Chief Operating Officer in 2017.  In these roles, she handled the business affairs of both FOG and FOLTD.  Pierce also provided financial advice and guidance to Stocks for many years.

In 2018, after Pierce refused to provide requested financial information to several of FOG's partners, FOG began an investigation into Pierce's actions during her tenure.  On February 8, 2018, FOG placed Pierce on a leave of absence.  FOG subsequently terminated Pierce's employment.

---

[1]    *See* TEX. CIV. PRAC. & REM. CODE §§ 27.001–.011.

[2]    FOG's partners formed FOLTD to operate Texas Orthopedic Hospital.  The hospital and FOG "work in tandem as a one-stop shop: the Partners provide clinical care and perform surgery, and the Hospital provides pre- and post-operative care."

2

On February 28, 2018, Pierce filed a charge of discrimination with the Texas Workforce Commission and the Equal Employment Opportunity Commission. On April 16, 2018, the parties attempted to resolve Pierce's claims at a pre-suit mediation but were unsuccessful.

On May 23, 2018, Pierce filed suit against FOG and FOLTD in federal court, alleging claims of disability, age, and sex discrimination, retaliation, and breach of contract. On June 21, 2018, FOG and FOLTD answered and asserted counterclaims against Pierce for breach of fiduciary duty, fraud, conversion, and declaratory judgment. Stocks is not a party to the federal lawsuit.

On June 21, 2018, Stocks filed suit against Pierce, asserting claims for breach of fiduciary duty and fraud. On August 27, 2018, Pierce filed a motion to dismiss Stocks's lawsuit arguing that his suit was filed in response to, or was related to, Pierce's exercise of the right to petition, i.e., her federal lawsuit against FOG, and that Stocks failed to establish by clear and specific evidence a prima facie case for each essential element of his claims, thereby entitling Pierce to dismissal of the claims under the TCPA. To her motion, Pierce attached numerous exhibits, including her declaration and her husband's declaration. In his response, Stocks argued that Pierce's motion to dismiss should be denied because Pierce failed to show by a preponderance of the evidence that the TCPA applies to his lawsuit, and he provided clear and specific evidence of a prima facie case for each essential

3

element of his claims. Stocks also objected to Pierce's and her husband's declarations on the grounds that they violated the mediation privilege, contained inadmissible hearsay, were speculative, conclusory, and could not be controverted, and were irrelevant as to whether the TCPA applied to Stocks's lawsuit.

On October 19, 2018, the trial denied Pierce's motion to dismiss. In its order, the trial court also sustained Stocks's objections to the declarations of Pierce and her husband and struck them from the record. This interlocutory appeal followed.[3]

## Texas Citizens Participation Act

In one issue, Pierce contends that the trial court erred in denying her motion to dismiss Stocks's claims because (1) the claims relate to, or are in response to, her exercise of the right to petition, and (2) Stocks did not establish by clear and specific evidence a prima facie case for each essential element of his claims.

### A. Applicable Law and Standard of Review

Chapter 27, also known as the Texas Citizens Participation Act, is an anti-SLAPP statute. *See In re Lipsky*, 411 S.W.3d 530, 536 n.1 (Tex. App.—Fort Worth 2013, orig. proceeding). "SLAPP" is an acronym for "Strategic Lawsuits Against Public Participation." *Id.* The purpose of the statute "is to encourage and

---

[3] Pierce has filed a related interlocutory appeal from the trial court's order denying her motion to dismiss in *Pierce v. Brock, M.D.*, No. 01-18-00954-CV, which is currently pending in this Court. The underlying cause is *Peggy Pierce v. Gary T. Brock, M.D. and Gary T. Brock, M.D., P.A.*, trial court cause number 2018-42395, in the 157th District Court of Harris County, Texas.

safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE § 27.002; *KTRK Television, Inc. v. Robinson*, 409 S.W.3d 682, 688 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). The TCPA created "an avenue at the early stage of litigation for dismissing unmeritorious suits that are based on the defendant's exercise" of certain constitutional rights. *Lipsky*, 411 S.W.3d at 539. The Legislature has directed courts to construe the statute liberally "to effectuate its purpose and intent fully." TEX. CIV. PRAC. & REM. CODE § 27.011(b); *Robinson*, 409 S.W.3d at 688.

Section 27.003 of the TCPA allows a litigant to seek dismissal of a "legal action" that is "based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association." TEX. CIV. PRAC. REM. CODE § 27.003(a). A "'legal action' means a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal or equitable relief." *Id*. § 27.001(6). The TCPA defines "exercise of the right to petition" as, among other things, "a communication in or pertaining to . . . a judicial proceeding." *Id*. § 27.001(4)(A)(i). "Communication" is further defined as "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id*. § 27.001(1).

5

The Act imposes the initial burden on the movant to establish by a preponderance of the evidence "that the legal action is based on, relates to, or is in response to the party's exercise of . . . the right to petition." *Id*. § 27.005(b)(2). We review de novo the trial court's determination whether the movant carried this burden. *Robinson*, 409 S.W.3d at 688. If the trial court determines that the movant has met her burden, the burden then shifts to the nonmovant to establish "by clear and specific evidence a prima facie case for each essential element of the claim in question." TEX. CIV. PRAC. REM. CODE § 27.005(c). If the nonmovant satisfies that requirement, the burden shifts back to the movant to prove each essential element of any valid defenses by a preponderance of the evidence. *See id.* § 27.005(d).

The Legislature's use of "prima facie case" in the second step of the inquiry implies a minimal factual burden: "[a] prima facie case represents the minimum quantity of evidence necessary to support a rational inference that the allegation of fact is true." *Robinson*, 409 S.W.3d at 688; *Rodriguez v. Printone Color Corp*., 982 S.W.2d 69, 72 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). The TCPA requires that the plaintiff's proof address and support each "essential element" of every claim and that the proof constitute "clear and specific evidence." *Robinson*, 409 S.W.3d at 688. Because the statute does not define "clear and specific," we apply the ordinary meaning of these terms. *Id*. at 689. "Clear" means

"unambiguous," "sure," or "free from doubt," and "specific" means "explicit" or "relating to a particular named thing." *Id.*

When determining whether to dismiss the legal action, the court must consider "the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." TEX. CIV. & PRAC. REM. CODE § 27.006(a). We review the pleadings and evidence in the light most favorable to the plaintiff. *Newspaper Holdings, Inc. v. Crazy Hotel Assisted Living, Ltd.*, 416 S.W.3d 71, 80–81 (Tex. App.—Houston [1st Dist.] 2013, pet. denied); *see also Sloat v. Rathbun*, 513 S.W.3d 500, 504 (Tex. App.—Austin 2015, pet. dism'd) ("Importantly here, we also view the [evidence] in the light most favorable to . . . the nonmovant[.]"). We consider de novo the legal question of whether the movant has established by a preponderance of the evidence that the challenged legal action is covered under the Act. *Serafine v. Blunt*, 466 S.W.3d 352, 357 (Tex. App.—Austin 2015, no pet.). We also review de novo a trial court's determination of whether a nonmovant has presented clear and specific evidence establishing a prima facie case for each essential element of the challenged claims. *Id.* If we determine that Pierce carried her initial burden to prove that Stocks's claims are covered by the Act, we must examine the pleadings and the evidence presented in response to Pierce's motion to dismiss to determine whether Stocks marshaled "clear and specific" evidence to support each essential element of his claims. *See Robinson*, 409 S.W.3d at 689.

## B. Applicability of TCPA to Stocks's Claims

The TCPA applies to Stocks's lawsuit if it is (1) a legal action (2) related to or in response to (3) Pierce's exercise of the right to petition. The TCPA defines a legal action as "a lawsuit," and Pierce's federal lawsuit is "a communication made in or pertaining to . . . a judicial proceeding." TEX. CIV. PRAC. REM. CODE §§ 27.001(1), (4)(A)(i), (6) (defining "communication as "the making or submitting of a statement or document"). Therefore, we must determine whether Pierce has established by a preponderance of the evidence that Stocks's lawsuit relates to, or is in response to, her federal lawsuit.

Pierce contends that Stocks's lawsuit was filed in response to her federal lawsuit because the evidence shows that Stocks "is the sole owner of one of the general partners of FOG, and that he is a limited partner of FOLTD, and that both of these partnerships threatened to cause its individual partners to sue Pierce if she sued them first." In their declarations, Pierce and her husband describe alleged retaliatory statements made during the mediation of her federal lawsuit. Pierce argues that "[t]he district court did not consider this evidence of the subjective motivation behind Stocks's lawsuit, presumably based on the claim that it was prohibited from doing so because the retaliatory statements were made in a mediation." Pierce asserts, however, that the statements qualify as an exception to the mediation

8

privilege and, therefore, are admissible to show that Stocks filed his lawsuit in response to her federal lawsuit.

Section 154.073 of the Texas Civil Practice and Remedies Code provides, in relevant part:

> Except as provided by Subsections (c), (d), (e), and (f), a communication relating to the subject matter of any civil or criminal dispute made by a participant in an alternative dispute resolution procedure, whether before or after the institution of formal judicial proceedings, is confidential, is not subject to disclosure, and may not be used as evidence against the participant in any judicial or administrative proceeding.

TEX. CIV. PRAC. & REM CODE § 154.073(a). Subsection (c) states that "an oral communication or written material used in or made a part of an alternative dispute resolution procedure is admissible or discoverable if it is admissible or discoverable independent of the procedure." *Id*. § 154.073(c). Pierce argues that the subjective motivation behind the filing of Stocks's lawsuit is relevant to whether he filed his suit "in response to" Pierce's federal lawsuit and, therefore, is discoverable independent of the mediation procedure. However, Stocks was not at the mediation. The statements whose relevancy is allegedly established because they reveal his subjective motivation were not made by him.

Further, "a 'cloak of confidentiality' surrounds mediation, and the cloak should be breached only sparingly." *Allison v. Fire Ins. Exch.*, 98 S.W.3d 227, 260 (Tex. App.—Austin 2002, pet. granted, judgm't vacated w.r.m.); *see also*

9

*Hydroscience Techs., Inc. v. Hydroscience, Inc.*, 401 S.W.3d 783, 795–96 (Tex. App.—Dallas 2013, pet. denied) (holding mediation privilege barred consideration of evidence of oral communications made during mediation). "Unless the parties agree otherwise, all matters, including the conduct and demeanor of the parties and their counsel during the settlement process, are confidential and may never be disclosed to anyone, including the appointing court." TEX. CIV. PRAC. & REM. CODE § 154.053(c); *see In re Empire Pipeline Corp.*, 323 S.W.3d 308, 312 (Tex. App.—Dallas 2010, orig. proceeding) (citing *Allison*, 98 S.W.3d at 259). Piercing the cloak of confidentiality around mediation is a heavy burden. In this case, not only are the alleged statements arguably hearsay, *see* TEX. R. EVID. 801, they were not made by Stocks and were made during mediation of Pierce's federal lawsuit to which Stocks is not a party. Further, other than making conclusory assertions, Pierce does not explain why the statements are relevant or otherwise admissible or discoverable independent of the mediation procedure. The trial court correctly determined that they were not proper evidence.

Pierce argues that, even if the mediation statements are not considered, the pleadings alone compel the conclusion that Stocks's lawsuit is related to her federal lawsuit because "both lawsuits involve claims arising out of Pierce's employment with FOG." A review of Stocks's petition and Pierce's federal lawsuit does not support this assertion. Stocks's claims of fraud and breach of fiduciary duty arise

10

from the financial harm that Pierce's alleged conduct caused Stocks, while Pierce's federal suit alleges claims of employment discrimination based on age, sex, and disability, and retaliation. That Pierce was employed by FOG and later sued FOG in federal court does not establish that Stocks's claims are related to Pierce's federal lawsuit for purposes of the TCPA.

Pierce also contends that Stocks's lawsuit was in response to her federal lawsuit because it was asserted subsequently in time. "There are myriad reasons for deciding if and when to bring a legal action against a person." *Beving v. Beadles*, 563 S.W.3d 399, 408 (Tex. App.—Fort Worth 2018, pet. denied). Merely arguing *post hoc ergo propter hoc* will not satisfy the preponderance-of-the-evidence standard to demonstrate applicability of the TCPA, particularly where, as here, the claims are premised on conduct that occurred well before Pierce filed her federal lawsuit. *See id.* (concluding mere fact that law partners waited until after comptroller's affidavit and deposition before naming her as third-party defendant did not satisfy standard under TCPA to show that third-party claims were in response to comptroller's exercise of right to petition); *but cf. Cavin v. Abbott*, 545 S.W.3d 47, 69 (Tex. App.—Austin 2017, no pet.) (noting plaintiffs' claims "would also be in response to [defendants'] exercise of the right of free speech or exercise of the right to petition in the sense that they reacted to or were asserted subsequently to appellants' . . . lawsuits and subpoenas") (internal quotations omitted).

Viewing the pleadings in the light most favorable to Stocks, we conclude that Pierce failed to demonstrate by a preponderance of the evidence that Stocks's lawsuit relates to, or was in response to, her exercise of the right to petition.[4]  The trial court did not err in denying Pierce's motion to dismiss under the TCPA.  *See* TEX. CIV. PRAC. & REM. CODE § 27.005(b), (c).  Accordingly, we overrule Pierce's issue.

## Conclusion

We affirm the trial court's order denying Pierce's motion to dismiss.

Russell Lloyd
Justice

Panel consists of Justices Lloyd, Landau, and Countiss.

---

[4]  Having determined that Pierce failed to meet her initial burden to show that the TCPA applies to Stocks's claims, we need not address whether Stocks established a prima facie case for each of the elements of his claims against Pierce.