N.T. DEVELOPMENT, INC., Hy–Pro Chemical Products, Inc., Mecca Enterprises, Inc., J.A.B.E., Inc., Edgewood Farms, Inc., Debbie Arber, and Joseph W. Edge, Appellants and Appellees,

v.

Bob PETERSEN and Diane Digino, Appellees and Appellants.

No. 2–01–318–CV.

Court of Appeals of Texas, Fort Worth.

June 6, 2002.

Rehearing Overruled July 11, 2002.

Kennedy & Minshew, P.C., James M. Morris, Robert W. Minshew, Sherman, for Appellants/Appellees.

Burck, Lapidus & Lanza, P.C., William B. Underwood, III, Houston, for Appellees/Appellants.

Panel B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

## OPINION

DIXON W. HOLMAN, Justice.

This case has resulted from a business dispute between the parties adversely situated in this appeal. Final judgment was entered after a jury trial in the 211th District Court of Denton County, Texas. Appellants N.T. Development, Inc., Debbie Arber, Joseph W. Edge, Hy–Pro Chemical Products, Inc., Mecca Enterprises, Inc., Edgewood Farms, Inc., and J.A.B.E., Inc. each appeal portions of the judgment. Bob Petersen and Diane DiGino also appeal, as cross-appellants, from portions of the judgment. *See* TEX.R.APP. P. 3.1(a), (c), 38.

Finding reversible error in the trial court's judgment, we disregard certain of the jury's answers. We reverse the trial court's judgment to the extent that it remittited $124,000 in attorney's fees to Petersen and DiGino. We render judgment that Petersen and DiGino take nothing against N.T. as attorney's fees. We further reverse the trial court's judgment to the extent that it awards Petersen and DiGino $750 each as damages against N.T. for malicious prosecution. We render judgment that Petersen and DiGino take nothing against N.T. for malicious prosecution. We affirm the trial court's judgment for Petersen in the sum of $1,921.13, and we affirm the judgment in all other respects.

## BACKGROUND

Litigation started when N.T. sued Petersen and DiGino in the 211th District Court to rescind a development agreement the two individuals had made with the company. While the case was pending, DiGino filed a separate suit in the 158th District Court asking to have a receiver appointed for N.T. and, as an alleged shareholder of N.T., asserting a fraud claim against Debbie Arber. N.T. successfully defended against DiGino's receivership claim by winning a summary judgment that denied it. The rest of DiGino's 158th District Court claims were then consolidated with the suit that was pending in

the 211th District Court. The consolidated suit then went to trial in the 211th District Court, where a jury heard the evidence supporting N.T.'s seventh amended petition, and also the counterclaims of Petersen and DiGino.

After considering the evidence, the jury found that Hy–Pro, Mecca, J.A.B.E., Edgewood Farms, Arber, and Edge were alter egos of N.T., all of which operated with it as a single business enterprise.[1] The jury's verdict was that although N.T. had breached its contract with Petersen and DiGino, the breach had resulted in zero damages. Nevertheless, the jury awarded Petersen and DiGino $150,000 in attorney's fees and $1,921.13 to Petersen for his quantum meruit claim. Also, the jury awarded Petersen and DiGino $750 each for their claims of malicious prosecution/abuse of process by N.T., and another $750 each for their claims of malicious prosecution/abuse of process by Arber.

After the trial, final judgment was rendered for Petersen and DiGino, who voluntarily nonsuited their claims for punitive damages against the other parties. The judgment orders a remittitur of Petersen's and DiGino's attorney's fees from $150,000 to $124,000. The judgment also awards Petersen $1,921.13 for his quantum meruit claim, Petersen and DiGino $750 each on their claims for malicious prosecution against N.T., but orders a remittitur of $750 of Petersen's award and $750 of DiGino's award on their respective claims for malicious prosecution against Arber.

## THE APPEAL

N.T. appeals the award of all attorney's fees and the award of Petersen's quantum meruit claim. N.T. asks that, after reviewing this case, we reverse the portion of the judgment that awards sums of money for attorney's fees (for breach of contract) and as damages for malicious prosecution and, in their place, render a take-nothing judgment as to those claims.

Petersen and DiGino have filed a cross-appeal from the trial court's remittiturs and its failure to submit a jury question on civil malicious prosecution. They ask that this court affirm the judgment except that we render judgment on the jury's verdict for Petersen in the sum of $2,671.13 against N.T. and in favor of DiGino against N.T. for $750, and that we award Petersen and DiGino attorney's fees of $150,000.

## ATTORNEY'S FEES

In Texas, a party may not recover attorney's fees from an opposing party unless the recovery is either provided by statute or by a contract between them. *Travelers Indem. Co. v. Mayfield,* 923 S.W.2d 590, 593 (Tex.1996) (orig. proceeding). Here, Petersen and DiGino sought attorney's fees for breach of contract under the civil practices and remedies code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 38.001 (Vernon 1997). To recover attorney's fees under section 38.001, a party first must prevail on a cause of action for which attorney's fees are recoverable and, second, must recover damages. *Green Int'l, Inc. v. Solis,* 951 S.W.2d 384, 389–90 (Tex.1997); *State Farm Life Ins. Co. v. Beaston,* 907 S.W.2d 430, 437 (Tex.1995). Because the jury denied them damages, Petersen and DiGino were not entitled to attorney's fees. *See Green Int'l, Inc.,* 951 S.W.2d at 389–90. Here, the trial court erred by signing a judgment awarding them attorney's fees in any amount, remitted or not. The trial court should have disregarded the jury's answer that awarded Petersen and DiGino attorney's fees of $150,000.

---

1. Because of this finding, we will refer to these parties collectively as N.T.

Petersen and DiGino contend that they were entitled to attorney's fees because their damages were offset by N.T.'s claim to set aside the conveyance of land to DiGino. We disagree. The jury trial in the 211th District Court did not involve any opposing claim by N.T. in the nature of an offset. N.T. did not plead any right of offset in its seventh amended petition. Moreover, N.T.'s claim to void the deed to DiGino was adjudicated separately in the 158th District Court. The 158th court judgment was severed and became final without appeal. We overrule Petersen's and DiGino's issues one and two, pertaining to attorney's fees, because attorney's fees are not recoverable as a matter of law in a breach of contract case where the jury has found no damages. Accordingly, we sustain N.T.'s issue number one and will reverse the trial court's award of $124,000 in attorney's fees for Petersen and DiGino and will render judgment that Petersen and DiGino take nothing against N.T. as attorney's fees. We find it unnecessary to consider N.T.'s issues number two, three, and four.

## MALICIOUS PROSECUTION

N.T.'s final two issues address malicious prosecution. Issue number five contends that the trial court erred by submitting jury questions about malicious prosecution where, as a matter of law, there was probable cause for belief that Petersen and DiGino had violated the Texas Real Estate Licensing Act. Issue number six asserts that the trial court erred by awarding Petersen and DiGino $750 damages for malicious prosecution when no special injuries were caused by filing a complaint with the Texas Real Estate Commission (TREC).

■■■ When a plaintiff seeks civil damages because he was maliciously prosecuted for a crime, the law requires the plaintiff to establish seven factors: (1) that a criminal prosecution was filed against the plaintiff; (2) the defendant caused the filing; (3) the prosecution terminated in the plaintiff's favor; (4) the plaintiff was innocent; (5) there was an absence of probable cause for the criminal proceedings; (6) the defendants maliciously filed the criminal charge; and (7) damage to the plaintiff. *Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 517 (Tex.1997). Texas law does not favor civil actions for malicious prosecution. *Browning–Ferris Indus., Inc. v. Lieck*, 881 S.W.2d 288, 291 (Tex.1994). A defendant accused of malicious prosecution is aided by an initial presumption that he or she acted reasonably and in good faith and therefore had probable cause to believe a crime was committed. *Ellis County State Bank v. Keever*, 888 S.W.2d 790, 794 (Tex.1994). Where a plaintiff admits that it was reasonable for the defendant to believe that a criminal violation was committed, there is, as a matter of law, probable cause to bar a claim for malicious prosecution. *Richey*, 952 S.W.2d at 519. To recover damages for malicious prosecution, a plaintiff must prove that it caused him to suffer some special injury—a physical interference with his person or property—such as arrest, attachment, injunction, or sequestration. *Tex. Beef Cattle Co. v. Green*, 921 S.W.2d 203, 208–09 (Tex.1996). The reason for this requirement is to assure parties the right to access the judicial or regulatory system without fear of intimidation from being countersued for malicious prosecution. *Id.*

■■■ Here, there was no prosecution in a criminal law sense. Instead, the alleged "malicious prosecution" consisted of N.T., and in particular Debbie Arber, notifying the TREC that an agreement between N.T., Petersen, and DiGino violated the Texas Real Estate Licensing Act. DiGino

conceded that because she was only a sales agent, not a real estate broker, she could not lawfully list N.T.'s property for sale in a listing agreement of which her broker, Williams & Williams, was unaware. When Williams & Williams learned of the situation, they fired Petersen and DiGino and told the real estate commission's investigator they would have reported it to the TREC themselves if they had known the circumstances.

■ Nevertheless, the filing of the complaint by N.T./Arber with the TREC did not cause Petersen or DiGino to lose their jobs or their real estate licenses. Those actions were caused by Williams & Williams when they learned of the listing agreement before a complaint was sent to TREC. As a matter of law, Petersen and DiGino suffered no special damage as a direct result of N.T./Arber filing a complaint with the TREC. Nor do special damages result from the ordinary losses incident to defending a civil lawsuit, such as inconvenience, embarrassment, discovery expenses, or attorney's fees. *Id.* at 208. Consequently, the trial court should have disregarded the jury's answers to jury questions nine through twelve. We sustain N.T.'s issues five and six. We overrule Petersen's and DiGino's issue three.

### CONCLUSION

We have carefully considered each of the special issues advocated by N.T. and by Petersen and DiGino. Accordingly, we reverse the trial court's judgment awarding $124,000 in attorney's fees to Petersen and DiGino, and we hereby render judgment that Petersen and DiGino take nothing against N.T. as attorney's fees. We reverse the portion of the trial court's judgment that awards Petersen and DiGino the sum of $750 each for malicious prosecution against N.T., and we hereby render judgment that Petersen and DiGino take noth-

ing against N.T. for malicious prosecution. We affirm the trial court's judgment for Petersen in the sum of $1,921.13, and we affirm the judgment in all other respects.