NUMBER 13-01-725-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

___________________________________________________________________


GEORGE D. GORDON , Appellant,



v.




TAMMY H. FOWLER, INC. D/B/A CERTIFIED REPORTING SERVICE AND TAMMY H. FOWLER, 

INC. D/B/A CERTIFIED REPORTING RECORDS AND VIDEO SERVICES , Appellees.

___________________________________________________________________


On appeal from the County Court at Law No. 1

of Montgomery County, Texas.

__________________________________________________________________


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Rodriguez and Castillo

Opinion by Justice Rodriguez



 Appellant, George D. Gordon, brings this appeal after judgment for non payment of deposition services in favor of
appellees, Tammy H. Fowler, Inc. d/b/a Certified Reporting Service and Tammy H. Fowler, Inc. d/b/a Certified Reporting
Records and Video Services. By three points of error, appellant contends the trial court erred in: (1) awarding attorney's
fees because there was no evidence of an award of damages; (2) refusing his requested jury instruction on the
reasonableness of attorney's fees; and (3) entering judgment against him because the jury award is excessive. By two
cross-points, appellees contend: (1) we are without jurisdiction over this appeal; and (2) the trial court erred in reducing
appellees' attorney's fees. We reverse and render in part and affirm in part.

I. Facts

 As this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as
necessary to advise the parties of the Court's decision and the basic reasons for it. See Tex. R. App. P. 47.4.

II. Jurisdiction 

 By their first cross-point, appellees contend we are without jurisdiction over this appeal because appellant did not include
the date of the amended remittitur order in his notice of appeal.

 On September 13, 2001, appellant timely filed a notice of appeal after the trial court's nunc pro tunc judgment on July 16,
2001. (1) After appellant filed his notice of appeal, the trial court granted an amended remittitur order on November 15,
2001 in favor of appellant. This remittitur order does not effect our jurisdiction over appellant's appeal, nor does it effect
our review of appellant's appeal. See id. Rule 25.1(b). Appellant is not appealing the amended remittitur order. He is
appealing the nunc pro tunc judgment filed on July 16, 2001. See id. Rule 25.1(d). Thus, an amended notice of appeal was
not necessary. See id. Rule 25.1(f). Appellees, however, are appealing, through cross-points, the amended remittitur order. 
Therefore, appellees were required to file a notice of appeal as to that order; we note that appellees did timely file their
notice of appeal from the amended remittitur order. See id. Rule 46.2. Thus, because appellant is not appealing the
remittitur order, but rather, the nunc pro tunc judgment, we conclude we have jurisdiction over this appeal. Appellees' first
cross-point is overruled.

III. Appellant's Points of Error

A. Attorney's Fees

 By his first point of error, appellant contends the trial court erred in awarding attorney's fees because there is no evidence
of an award of damages in the final judgment.

 To recover attorney's fees under section 38.001 of the civil practice and remedies code, a party must: (1) prevail on a cause
of action for which attorney's fees are recoverable; and (2) recover damages. See Tex. Civ. Prac. & Rem. Code Ann. §
38.001 (Vernon 1997); Green Int'l, Inc. v. Solis, 951 S.W.2d 384, 390 (Tex. 1997);N.T. Dev., Inc. v. Peterson, 79 S.W.3d
230, 233 (Tex. App.-Fort Worth 2002, pet. denied). In this instance, appellees prevailed on their breach of contract and
services rendered claims. See Tex. Civ. Prac. & Rem. Code Ann. § 38.001(1), (8) (Vernon 1997). However they were not
awarded damages.

 In its final judgment, the trial court held as a matter of law that appellant had underlying debts of $216.45 and $182.82
owed to appellees. It further held that the debts were due and owing at the time appellees filed their original petition. The
trial court then found that appellees had been "damaged in the sum of $12,897.00 for attorneys fees plus court costs in the
sum of $207.00." The trial court then "ORDERED, ADJUDGED and DECREED" that appellees recover "damages in the
sum of $12,897.00 plus court costs in the amount of $207.00." The trial court did not order appellant to pay any damages
for the underlying claim, other than attorney's fees and court costs; most notably, the trial court did not order appellant to
pay his underlying debts of $216.45 and $182.82. Because we find no evidence that appellees recovered any damages for
the underlying claim, appellees were not entitled to recover attorney's fees under section 38.001. See id. § 38.001; Solis,
951 S.W.2d at 390; Peterson, 79 S.W.3d at 233. Appellant's first point of error is sustained. (2)

 Accordingly, we reverse the trial court's award of attorney's fees for appellees and render judgment that appellees take
nothing against appellant as attorney's fees. We affirm the trial court's judgment in all other respects. 

NELDA V. RODRIGUEZ

Justice



Opinion delivered and filed

this 17th day of July, 2003.

 

1. We note that appellant filed a motion for new trial after the trial court's original final judgment on June 15, 2001, but
before the trial court's nunc pro tunc judgment on July 16, 2001. Generally, a premature motion for new trial extends the
appellate time table. See Tex. R. App. P. 27.2; Tex. R. Civ. P. 306(c). If a trial court modifies a judgment after one motion
for new trial has been filed, a second motion is not needed to extend the deadlines if the first motion "assails" the modified
judgment. Wilkins v. Methodist Health Care Sys., No. 14-02-00883-CV, 2003 Tex. App. LEXIS 4915, at *2 (Houston
[14th Dist.] June 12, 2003, no pet. h.); see Tex. R. Civ. P. 306(c); see also In re Estate of Ayala, 19 S.W.3d 477, 480 (Tex.
App.-Corpus Christi 2000, pet. denied). Because appellant's motion for new trial includes points that apply to the later
nunc pro tunc judgment, we find this motion "assails" the modified judgment. See Wilkins, 2003 Tex. App. LEXIS 4915, at
*2. Thus, appellant's premature motion for new trial extended the appellate time table ninety days from the date of the
nunc pro tunc judgment. See Tex. R. App. P. 26.1(a). 

2. Because of our disposition of appellant's first point of error, we need not address appellant's remaining points of error. 
See Tex. R. App. P. 47.1. Nor do we need address appellees' second cross-point. See id.