In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-008 CV


____________________



PROVIDIAN NATIONAL BANK, Appellant



V.



KERRI EBARB AND GEORGE EBARB, Appellee






On Appeal from the 1-A District Court


Tyler County, Texas


Trial Cause No. 17,980






OPINION


 Providian National Bank sued George Ebarb and Kerri Ebarb in April 1999 to recover
amounts allegedly owed on a credit card. A month after the suit was filed, the Ebarbs were
divorced. The Bank nonsuited the defendants, but in 2001 filed suit against them on the
same debt. Providian obtained a default judgment against Kerri Ebarb. She did not appeal. 


 George Ebarb counterclaimed against the Bank for malicious prosecution. After a
bench trial, the court awarded $24,000 in damages to George Ebarb and denied the Bank's
claim against George on the debt. The Bank appeals. 

 In its first issue, the Bank argues the evidence was legally insufficient to support
Ebarb's malicious prosecution claim. In a no-evidence review, we are to "view the evidence
in the light favorable to the [fact finding], crediting favorable evidence if [a reasonable
factfinder] could, and disregarding contrary evidence unless [a reasonable factfinder] could
not." City of Keller v. Wilson, 168 S.W.3d 802, 807 (Tex. 2005). A reviewing court sustains
a no-evidence point when the record discloses, for example, there is a complete absence of
evidence of a vital fact or the evidence offered to prove a vital fact is no more than a mere
scintilla. See City of Keller, 168 S.W.3d at 810-11, 813-14; Merrell Dow Pharms., Inc. v.
Havner, 953 S.W.2d 706, 711 (Tex. 1997). 

 In a suit alleging the malicious prosecution of a civil claim, the plaintiff must establish
the following elements:

 (1) the institution or continuation of civil proceedings against the plaintiff;

 (2) by or at the insistence of the defendant;

 (3) malice in the commencement of the proceedings;

 (4) lack of probable cause for the proceeding;

 (5) termination of the proceeding in plaintiff's favor; and

 (6) special damages.


Texas Beef Cattle Co. v. Green, 921 S.W.2d 203, 207 (Tex. 1996). The requirement of
special damages assures parties the right to access the judicial system without fear of
intimidation arising from a countersuit for malicious prosecution. N.T. Dev., Inc. v. Petersen,
79 S.W.3d 230, 234 (Tex. App.--Fort Worth 2002, pet. denied). The Texas Supreme Court
has held there "must be some physical interference with a party's person or property in the
form of an arrest, attachment, injunction, or sequestration" to satisfy this element of the
claim. Texas Beef Cattle Co., 921 S.W.2d at 209. 

 The testimony on damages was as follows:

 Q. [Bank's attorney]. And then during that first lawsuit were any of your 
 bank accounts ever attached and then seized by my client?


 A. [George Ebarb]. No.

 . . . .

 Q. Did we obtain any injunctions against you?

 . . . .

 A. No.


 Q. Did my client obtain a receiver, put you in a receivership?


 A. No.

 . . . .

 Q. [Ebarb's attorney]. [T]hey did report on your credit, though, that -- to
credit agencies that you owed Providian over $4,000, didn't they?


 A. [Ebarb]. Oh, yes, that's true. 

The reference to a report to credit agencies does not describe any interference with Ebarb's
person or property that falls within the strict definition of "special damages." See Texas Beef
Cattle Co., 921 S.W.2d at 209. Furthermore, no evidence was presented of any harm George
Ebarb may have suffered. The Bank's challenge to the legal sufficiency of the evidence is
sustained. We reverse the judgment rendered in favor of George Ebarb on the malicious
prosecution claim and render judgment that he take nothing. We need not address issues two
and three, as those issues would afford the appellant no greater relief.

 In issue four the Bank challenges the legal sufficiency of the evidence to support the
trial court's adverse finding on the Bank's claim. (1) Having the burden of proof at trial, the
Bank must demonstrate on appeal that the evidence establishes, as a matter of law, all vital
facts in support of its claim that George Ebarb is personally liable for the debt. See Dow
Chem. Co. v. Francis, 46 S.W.3d 237, 241 (Tex. 2001) (citing Sterner v. Marathon Oil Co.,
767 S.W.2d 686, 690 (Tex. 1989)). 

 The Bank did not present evidence that George Ebarb signed any document making
him personally liable on the account. His signature was not on the application for credit. 
Instead, the Bank relied on evidence that George was "listed secondary" by the Bank on the
account, and both spouses' names were on the credit card and the monthly statement issued
by the Bank. There is also evidence George Ebarb became aware of the debt and made some
payments on it. The billing was sent to the address where George and Kerri resided while
married. However, when Providian's representative was asked at trial if there was any
documentation "saying George Ebarb ever requested any credit be extended" to him, the
representative replied "No." 

 Providian argues George Ebarb's subsequent awareness of the debt and payment of
some of the monthly bills establish his liability, although there is no contract or other
evidence setting out the agreement and responsibilities of the parties, no evidence Kerri was
acting as George's agent, and no evidence George agreed to be responsible for the debt. The
Bank argues the evidence nevertheless establishes George's ratification of the debt. 
Ratification requires: "(1) approval by act, word, or conduct; (2) with full knowledge of the
facts of the earlier act; and (3) with the intention of giving validity to the earlier act." Gibson
v. Bostick Roofing & Sheet Metal, 148 S.W.3d 482, 492 (Tex. App.-- El Paso 2004, no pet.). 
Ratification may occur when a person retains the benefits of a transaction after acquiring full
knowledge. Miller v. Kennedy & Minshew, P.C., 142 S.W.3d 325 at 343 (Tex. App.--Fort
Worth 2003, pet. denied). Largely a matter of intent, ratification may be inferred by a party's
course of conduct and need not be shown by express word or deed. Miller, 142 S.W.3d at
342-43; Eikon King Street Manager, L.L.C. v. LSF King Street Manager, L.L.C., 109 S.W.3d
762, 768 (Tex. App.--Dallas 2003, pet. denied). 

 As factfinder in this bench trial, the trial court was the sole judge of the credibility of
the witnesses and the weight to be given their testimony. See City of Keller, 168 S.W.3d at
819. When asked whether he knew anything about the debt of almost $4,500, George
testified, "No. I didn't know things were that bad, no." There is no evidence he personally
benefitted from or used the credit card. He testified part of the "divorce problems" involved
financial problems created by Kerri. George indicated that at the time he "was married" and
"was trying to help things out at the house and pay bills and try to be responsible and help." 
The trial judge reasonably may have concluded George's subsequent awareness of the credit
card account and payment of some of the monthly bills did not establish his approval, full
knowledge, or intent to assume personal liability for the debt Kerri had incurred. The Bank
asks this Court to reverse the trial court's finding and render judgment that George Ebarb is
personally liable for the entire amount of the debt. Based on the sparse record before us, we
cannot conclude the Bank established ratification or its entitlement to that judgment as a
matter of law. Issue four is overruled. 

 In issue five, the Bank argues the trial court erred in applying Tex. Fam. Code Ann.
§ 3.201 (Vernon 1998). Section 3.201 governs a person's liability for the acts of his or her
spouse and provides as follows:

 (a) A person is personally liable for the acts of the person's spouse only if:

 (1) the spouse acts as an agent for the person; or

 (2) the spouse incurs a debt for necessaries as provided by Subchapter F, 
 Chapter 2.

 (b) Except as provided by this subchapter, community property is not subject 
 to a liability that arises from an act of a spouse.

 (c) A spouse does not act as an agent for the other spouse solely because of the 
 marriage relationship.


Tex. Fam. Code Ann. § 3.201 (Vernon 1998)(footnote omitted). In applying section 3.201,
the trial court concluded under the circumstances George was not liable for Kerri's acts in
incurring the debt with the Bank. Asserting error in applying the statute, the Bank relies on
Cockerham v. Cockerham, 527 S.W.2d 162, 171 (Tex. 1975), and argues there is a
presumption that debts incurred during marriage are "community debts" unless the creditor
agreed to look solely to the contracting spouse's separate estate for satisfaction of the debt. 
See also Sprick v. Sprick, 25 S.W.3d 7, 13 (Tex. App.--El Paso 1999, pet. denied); Morris
v. Morris, 894 S.W.2d 859, 863 (Tex. App.--Fort Worth 1995, no writ). However, that
argument does not answer the question of whether a spouse is personally liable under section
3.201 on a particular debt. Subsequent to the holding in Cockerham, the Legislature
amended the Family Code by adding former Tex. Fam. Code Ann. § 4.031, now Tex. Fam.
Code Ann. § 3.201 (Vernon 1998). See also Tex. Fam. Code Ann. § 3.202 (Vernon 1998)
(rules of marital property liability); Patel v. Kuciemba, 82 S.W.3d 589, 595 (Tex. App.--Corpus Christi 2002, pet. denied); Nelson v. Citizens Bank & Trust Co. of Baytown, Texas,
881 S.W.2d 128, 130-31 (Tex. App.--Houston [1st Dist.] 1994, no writ). The trial court
properly looked to the provisions of that statute to determine whether George Ebarb was
liable for the debt incurred by Kerri.

 The Bank argues, regardless of section 3.201, community property is reachable by
creditors under section 3.202. See Tex. Fam. Code Ann. § 3.202 (Vernon 1998). The two
sections of the Family Code relate to two distinct liability concepts. Section 3.201 governs
a spouse's personal liability for the acts of his or her spouse, and section 3.202 sets out rules
of marital property liability. However, we disagree that section 3.202 controls the claim here
regardless of section 3.201. This is a suit in which the Bank sought to hold George Ebarb
personally liable on the debt. The Bank was not attempting to take community property to
satisfy the judgment against Kerri. The trial court found the Bank failed to establish George
Ebarb is personally liable for the debt, either through Kerri's acts or through his own acts. 
We see no error in the trial court's application of section 3.201 based on the pleadings and
evidence presented in this case. Issue five is overruled. 

 We reverse and render judgment that George Ebarb take nothing on his claim against
Providian National Bank. We affirm the trial court's judgment that Providian National Bank
take nothing on its claim against George Ebarb. 

 AFFIRMED IN PART; REVERSED AND RENDERED IN PART.

 ___________________________

 DAVID GAULTNEY

 Justice

Submitted on September 15, 2005

Opinion Delivered December 8, 2005


Before McKeithen, C.J., Gaultney and Kreger, JJ.

1. Since the Bank requests a rendition, rather than a remand for a new trial, we interpret
issue four as a legal sufficiency issue, though the standard of review the Bank suggests we
use is for factual sufficiency review.